UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT FRIEDMAN,<br>　　　　　　　　　Plaintiff,<br>v.<br>ALBERTSON'S, LLC, et al.,<br>　　　　　　　　　Defendant. | Case No.:  14-CV-828 WQH (NLS)<br><br>**ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>(Dkt. No. 12) |

Before the Court is Defendant Albertson's, LLC's ("Defendant") *Ex Parte* Application to Modify the Scheduling Order. (Dkt. No. 12.) Defendant seeks to extend the deadline for rebuttal expert designations and the deadline for the close of expert discovery. Plaintiff Scott Friedman ("Plaintiff") opposes the application. (Dkt. No. 13.) For the reasons explained below, the Court **DENIES** Defendant's request to modify the Scheduling Order.

**I.   RELEVANT BACKGROUND**

On August 8, 2014, the Court entered a Scheduling Order regulating discovery and other pretrial proceedings. (Dkt. No. 10.) In that Order, the Court set deadlines for, *inter alia*, the time to designate experts (March 13, 2015), the time to exchange rebuttal

1

expert designations (March 27, 2015), and the time to complete expert discovery (June 12, 2015). (Id., ¶¶ 3, 6.) The Court's Scheduling Order directed the parties to review the chambers' rules for the assigned judges to the matter. (Id., ¶ 15.) The Court also instructed that the dates and times set forth in the Order would not be modified except for good cause shown. (Id., ¶ 17.)

### a. The Initial and Rebuttal Expert Designation Deadlines

In March of 2015, the parties stipulated to continue the initial designation and rebuttal designation dates. In April of 2015, the parties then stipulated again, via email, to continue those dates. The parties stipulated to extend the initial expert designation date to April 20, 2015 and the rebuttal designation date to May 4, 2015.

The parties made their initial expert designations by their agreed upon continued deadline. Neither party made rebuttal expert designations. At some point after the deadline expired, defense counsel realized that Defendant may need to retain a rebuttal expert. Defense counsel attests he did not properly calendar the rebuttal expert deadline because it was agreed to via email. (Dkt. No. 12-1 at ¶ 6.) More than two weeks after the parties' stipulated rebuttal designation deadline expired, counsel for Defendant made several requests to Plaintiff to stipulate to allow him to designate a rebuttal expert, which Plaintiff declined. (Id., Exh. C.)

### b. The Close of Expert Discovery Deadline

On or about June 2, 2015, counsel for Defendant asked Plaintiff's counsel to stipulate to extend the Court-imposed deadline to complete expert discovery due to the parties' agreement to extend the designation and rebuttal deadlines. (Dkt. No. 12-1 at ¶ 7, Exh. D.) Plaintiff declined. The next day, counsel for Defendant noticed the depositions for two of Plaintiff's experts for June 12, 2015, which was the last date to complete expert discovery. (Id. at ¶ 7.) Plaintiff informed Defendant that the notices were not timely and did not provide sufficient notice, such that the experts would not appear for their depositions. The depositions did not go forward.

Nearly a month later, on July 8, 2015 and on July 10, 2015, counsel for Defendant again asked to depose Plaintiff's experts, to which Plaintiff refused. (Dkt. No. 12-1 at ¶ 8; Dkt. No. 13 at 2-3.) Defendant thereafter filed this *ex parte* application on July 22, 2015.

## II. DISCUSSION

The Court begins its discussion with an excerpt from the Ninth Circuit's opinion in *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005), about the policy supporting enforcement of court scheduling orders:

> In these days of heavy caseloads, trial courts ... routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence...
>
> Disruption to the schedule of the court and other parties is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Id*.

Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause before modifying a pretrial motion or schedule. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the party can show that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. Additionally, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. … If that party was not diligent, the inquiry should end," and the motion to modify should not be granted. *Id*.; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. Cal. 2002) (no abuse of discretion in

denying a motion to modify the scheduling order where the party did not demonstrate diligence in complying with the dates set by the district court).[1]

As an initial matter, the Court notes that the parties should have filed their stipulations to extend the deadlines as joint motions with the Court because stipulations are not binding upon the Court unless they are approved. *See* Civ. L.R. 7.2 ("Except as otherwise provided, stipulations must be recognized as binding on the court only when approved by the judge"). Moreover, Defendant's *ex parte* application is untimely. The Magistrate Judge's Chambers Rule III provides that "[w]hether made by joint motion or *ex parte* application, any request to continue [a] … scheduling order deadline … must be made in writing no less than **seven (7) calendar days** before the affected date." (bold in original).

Here, Defendant brings its *ex parte* application more than 117 days after the parties' deadline to designate rebuttal experts originally expired. Even accepting the parties' stipulated extended rebuttal designation deadline, Defendant filed its *ex parte* application more than 79 days after that deadline expired, and more than 62 days after defense counsel realized he inadvertently missed the deadline. Defendant's *ex parte* application was also filed more than 40 days after the expert discovery deadline expired.

Moreover, Defendant failed to demonstrate good cause for its belated motion to modify the scheduling order, particularly in light of defense counsel's lack of diligence. As the Ninth Circuit instructed, "[c]arelessness is not compatible with a finding of diligence," and thus defense counsel's mis-calendaring of the parties' rebuttal designation

---

[1] Fed. R. Civ. P. 6(b)(1)(B) likewise permits a court, for good cause, to extend the time to act when the failure to meet the deadline was the result of excusable neglect. Defendant did not move to extend the deadlines under Rule 6, and did not address the factors set forth in the Supreme Court decision *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993), for determining excusable neglect. The Court nonetheless considered the *Pioneer* factors and finds the circumstances in this case do not justify extending the time. Regardless, even if Defendant had demonstrated excusable neglect, Defendant still has not established good cause to justify modifying the schedule for the reasons explained in this order.

deadline militates against a finding of good cause. *Johnson,* 975 F.2d at 609; *see also Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (discussing Rule 4(j) of the Federal Rules of Civil Procedure and holding that the inadvertent failure to calendar a deadline did not constitute excusable neglect or good cause). Likewise, although defense counsel attests he met and conferred in late May of 2015 with Plaintiff's counsel once he realized he missed the deadline, this does not explain why Defendant waited until late July to bring this issue before the Court *ex parte*.

Defendant also did not provide any sufficient explanation as to why it delayed for more than a month after the close of expert discovery to seek to modify that deadline. Defendant was apprised in early June that Plaintiff would not stipulate to extend the close of fact discovery, and Defendant could have timely moved the Court for an order modifying the schedule before that deadline expired. Defendant was also apprised in early-to-mid June that Plaintiff would not produce its two experts for depositions on June 12, 2015, i.e., the last date to complete expert discovery. Even though Defendant attests he attempted to meet and confer again on July 8, 2015 and July 10, 2015 about deposing Plaintiff's experts, this still leaves an unexplained month-long delay between the expiration of the deadline and conferring with opposing counsel, plus a nearly two week delay from Defendant's last meet-and-confer discussion with Plaintiff's counsel and the filing of the *ex parte* application. In sum, Defendant has not demonstrated diligence in complying with the dates set by the Court, in complying with the parties' own stipulated extended deadlines, or in promptly requesting modification once it became apparent that compliance was not possible.

Defendant nonetheless asserts good cause exists to modify the Scheduling Order because expert discovery is not yet complete and Defendant would be prejudiced if it cannot designate a rebuttal expert or depose all of Plaintiff's experts. (Dkt. No. 12.) Neither of these arguments, however, explain why Defendant could not meet the Scheduling Order's timeline despite an exercise of due diligence. *Johnson,* 975 F.2d at

609 ("good cause" requires a showing that, even with the exercise of due diligence, they cannot meet the timetable).  Indeed, as explained above, Defendant has displayed a lack of diligence, which is incompatible with a finding of good cause.  The fact that Defendant did not finish deposing all of Plaintiff's experts by the close of fact discovery, and did not timely designate a rebuttal expert, are due to Defendant's own lack of diligence and lack of compliance with Court rules.  As such, the circumstances presented here do not warrant modifying the schedule.

**III. CONCLUSION**

Defendant has not established good cause to modify the Scheduling Order. Accordingly, for the aforementioned reasons, Defendant's *ex parte* application to modify the Scheduling Order is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 30, 2015

Hon. Nita L. Stormes
United States Magistrate Judge